**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OHANA CONTROL SYSTEMS, INC.;
MICHAEL AMIR BOROCHOV,

　　　　　　　Plaintiffs-Appellees,

　v.

CITY & COUNTY OF HONOLULU; et al.,

　　　　　　　Defendants,

　and

TIM CAIRES; et al.,

　　　　　　　Defendants-Appellants.

No.　22-15956

D.C. No.
1:21-cv-00345-JAO-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted June 8, 2023[**]
Honolulu, Hawaii

Before:  BADE, BUMATAY, and SANCHEZ, Circuit Judges.
Partial Dissent by Judge BUMATAY.

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellants Jeffrey Lee, Tim Caires, and David Malone (collectively, "Appellants") appeal the district court's order denying their motion to dismiss Appellees Ohana Control Systems, Inc. and Michael Amir Borochov's (collectively, "Ohana") First Amended Complaint based on qualified immunity, and its order denying partial reconsideration of the same. We have jurisdiction under 28 U.S.C. § 1292.[1] We affirm in part, reverse in part, and remand.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). An officer will be denied qualified immunity "only if (1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood her conduct to be unlawful in that situation." *Torres v. City of*

---

[1] We directed the parties to address our jurisdiction over this action considering *Pelletier v. Federal Home Loan Bank of San Francisco*, 968 F.2d 865, 871 (9th Cir. 1992) ("[A]n official defendant claiming qualified immunity is entitled to immediate appellate consideration of . . . only . . . the narrow and purely legal [issue] of whether the facts alleged . . . support a claim of violation of clearly established law." (internal quotation marks omitted)). We conclude *Pelletier* does not divest us of jurisdiction. *See, e.g.*, *Knox v. Sw. Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997).

*Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Ohana alleges Appellants violated the Equal Protection Clause based on a "class-of-one" theory. This requires Ohana to demonstrate Appellants (1) intentionally (2) treated it differently (3) from others similarly situated (4) without a rational basis. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

We may analyze the two prongs of qualified immunity in any order. *See Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022). We begin with whether the right at issue was clearly established at the time of alleged constitutional deprivation.

Relying on *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), the district court concluded the right at issue was freedom from "a government official . . . treat[ing] similarly situated individuals differently without a rational basis." Appellants contend this conclusion is "incorrect as a matter of law" because the stated right is too generalized. But we have consistently read *Olech* broadly as clearly establishing the right to be free from differential treatment by the state without a rational basis. *See, e.g.*, *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122–23 (9th Cir. 2022); *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1025 (9th Cir. 2011); *Rosenbaum v. City & Cnty. S.F.*, 484 F.3d 1142, 1157 n.11 (9th Cir. 2007); *Engquist v. Ore. Dep't Agric.*, 478 F.3d 985, 993 (9th Cir. 2007);

*SeaRiver Mar. Fin. Holdings Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002); *see also N. Pacifica*, 526 F.3d at 486. And this reading accords with the broader principle of qualified immunity, which is intended to shield officers from liability where a reasonable person would not have known the alleged acts violate a constitutional right. *Torres*, 648 F.3d at 1123. We accordingly affirm the district court's determination that the right claimed by Ohana was clearly established at the time of the alleged violations.

We also affirm the district court's conclusion that the First Amended Complaint alleges facts sufficient to show Lee's conduct violated a constitutional right. Fairly read, Ohana alleges that Lee harbored anti-Semitic feelings and a general animus against Ohana's owner and that, based on these feelings, Lee— cloaked with the power of the state—falsely represented to one of Ohana's clients that Ohana had failed a final inspection. According to Ohana, Lee singled Ohana out for differential treatment—that is, Lee did not make false representations to the clients of similarly situated fire-alarm installation firms. These allegations sufficiently allege a "class-of-one" equal protection claim and the district court correctly denied Lee qualified immunity against the claim.

We disagree, however, with the district court's conclusions that Ohana has sufficiently alleged a "class-of-one" equal protection claim against Caires and Malone.

Ohana alleges that Caires violated its constitutional rights by emailing the company that manufactures the alarm systems Ohana installs and inquiring about its products in a disingenuous and threatening way.[2] But those actions alone do not demonstrate that Caires intended to treat Ohana differently from similarly situated comparators for an arbitrary or impermissible reason. There are no allegations, for example, that the emails actually referred to Ohana, nor that Ohana was harmed by Caires's emails. Accordingly, Ohana fails to plausibly allege that Caires violated its rights under the Equal Protection Clause.

As for Malone, Ohana alleges he violated the Equal Protection Clause by subjecting Ohana to more rigorous regulatory requirements than other similarly situated installation firms. Ohana, however, does not allege that Malone inspected any other competitors' projects and therefore does not allege that Malone treated Ohana differently.

For these reasons, we affirm the district court's denial of qualified immunity for Lee, reverse the district court's denial of qualified immunity for Caires and Malone, and remand for proceedings consistent with this disposition.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[2] Ohana also alleges Caires treated Ohana differently from similarly situated comparators when he required Ohana—and only Ohana—to install fireman's phone jacks. These allegations are not addressed in Ohana's briefing, and they are insufficient to establish an equal protection violation because Ohana does not allege that Caires ultimately required the installation of these phone jacks.

*Ohana Control Systems, Inc. v. City & County of Honolulu*, No. 22-15956
Bumatay, Circuit Judge, dissenting in part:

I agree with the majority's conclusion that Ohana Control Systems has not sufficiently alleged a "class-of-one" equal protection claim against Tim Caires and David Malone and that they are entitled to qualified immunity.  So I concur with that part of the majority decision.

But I would also grant qualified immunity to Jeffrey Lee.  Even if Ohana adequately pleaded an equal protection claim against Lee, Ohana has not sufficiently shown that Lee violated clearly established law.  Lee is thus entitled to qualified immunity, and I dissent from that part of the majority decision.

The district court concluded that Lee, Malone, and Caires violated clearly established law as set forth in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). In that case, the defendant demanded a 33-foot easement as a condition of connecting the plaintiff's property to the municipal water supply, when it only required a 15-foot easement of other similarly situated property owners.  *Id*. at 565.  The district court held that the *Olech* established "a governmental official cannot treat similarly situated individuals differently without a rational basis."  Such a generalized statement of law cannot serve as a basis of "clearly established" law to deny a state official qualified immunity.

In analyzing whether rights are clearly established, we look to then-existing "cases of controlling authority" or, absent such cases, to a "consensus" of persuasive

authorities. *Evans v. Skolnik*, 997 F.3d 1060, 1066 (9th Cir. 2021). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates [it]." *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020) (simplified).

The Supreme Court has cautioned that we should not analyze whether rights are clearly established "at a high level of generality." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). Our inquiry is whether "the violative nature of [the defendant's] *particular* conduct is clearly established . . . in light of the *specific context* of the case.'" *Rico*, 980 F.3d at 1298. The Supreme Court has made clear that we must consider the "specific facts under review." *Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016). *See also City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600 ("We have repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality.")

The district court's approach conflates (1) caselaw that establishes the existence of the "class of one" cause of action with (2) caselaw that would put a reasonable officer on notice that his conduct was unlawful *in a particular situation*. The Supreme Court has made clear that the former does not satisfy requirements for the latter. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (9th Cir. 2011) ("The general proposition, for example, that an unreasonable search or seizure violates the Fourth

Amendment is of little help in determining whether the violative nature of particular conduct is clearly established.").

The cases cited by the majority establish the *existence* of a "class of one" equal protection claim—they do not announce clearly established law that would put Lee on notice that his conduct in this particular case obviously violated the law. *See SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122–23 (9th Cir. 2022) (recognizing availability of "class-of-one" claim); *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1025 (9th Cir. 2011) (finding a constitutional right for Gerhart not to be treated differently by the government than other similarly situated landowners were treated); *Rosenbaum v. City & Cnty. S.F.*, 484 F.3d 1142, 1157 n.11 (9th Cir. 2007) (recognizing availability of "class-of-one" claim); *Engquist v. Ore. Dep't Agric.*, 478 F.3d 985, 993 (9th Cir. 2007) ("Based on *Olech,* we have applied the class-of-one theory in the regulatory land-use context to forbid government actions that are arbitrary, irrational, or malicious."); *SeaRiver Mar. Fin. Holdings Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002) (recognizing availability of "class-of-one" claim); *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (recognizing availability of "class-of-one" claim).

These cases do not suggest that *Olech* serves as blanket "established law" covering any conceivable class-of-one equal protection claim. Nor do they suggest that Lee would have been on notice that his *specific conduct* violated Ohana's

constitutional rights. Ohana contends that Lee falsely told an association of apartment owners that an alarm system installed by Ohana on their property was never inspected for a final acceptance test, which then required a fire watch. These allegations are unlike those in *Olech*, where the defendant violated clear zoning requirements (a 15-ft easement requirement) in an "irrational and wholly arbitrary" way. *See Olech*, 528 U.S. at 565. This case is also miles apart from *Gerhart*, where ten property owners were allowed to build approaches to a county road, but the plaintiff was rejected for no reason. 637 F.3d at 1022. None of the other cases cited above have validated a class-of-one claim concerning property, building, or land use permits or regulations. And here, Ohana hasn't shown what clear standardized regulation or requirement Lee violated by lying to the association.

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Rico*, 980 F.3d at 1298. Under the district court's approach to this case, we collapse the two-step qualified immunity test into a single step—now, *any* well-pleaded class-of-one claim automatically meets the clearly established law requirement. For this reason, I respectfully dissent from the denial of qualified immunity for Lee.